IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| UNTIED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 4:04CR00013 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LATERRIO LARAN DAVIS, | ) | |
| | ) | By: Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |
| | ) | |

Before me is Defendant's Motion to Suppress [20]. For the reasons below, I hereby **DENY** Defendant's Motion to Suppress.

Defendant argues that evidence seized from him at a traffic stop should be suppressed because the Trooper had no articulable suspicion to stop the vehicle in which Defendant was riding and Defendant never gave consent. If officers make a routine traffic stop that violates the standards set forth in *Terry v. Ohio*, evidence seized from that stop may be excluded. *Terry v. Ohio*, 392 U.S. 1 (1968). On the other hand, "[i]f a reasonable person would have felt free to decline the officer's request or otherwise terminate the encounter, and the suspect freely gives consent to search at this point, there is no need to reach the issue of whether the initial stop was permissible under *Terry*." *United States v. Meikle*, 407 F.3d 670, 672 (4th Cir. 2005) (citing *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992)).

Here, the Trooper stopped the vehicle in which Defendant was a passenger and found that the

driver had no valid driver's license. The Trooper told the driver and Defendant to get out of the car and told Defendant he was free to leave. Defendant chose to remain. A short while later, the Trooper asked Defendant if he had any drugs on him and if he could search him. At that point, a reasonable person would have felt free to decline the Trooper's request. But, after viewing an enhanced video of the traffic stop, it is clear that Defendant gave the officers consent to search him. Because Defendant was free to leave and subsequently consented to a search, the appropriateness of the stop is not at issue. Therefore, the motion to suppress is **DENIED**.

The Clerk is directed to send a certified copy of this Order to Edward A. Lustig, Assistant United States Attorney for the Western District of Virginia, and to counsel for Defendant.

Entered this 8th day of July, 2005.

s/Jackson L. Kiser
Senior United States District Judge